UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

PIKEVILLE ENERGY GROUP, LLC,

Appellant,

v.

PHAEDRA SPRADLIN,
as Trustee of Alma Energy, LLC, et al.,

Appellee.

Civil No. 12-113-ART

GARY J. RICHARD, et al.,

Appellants,

v.

PHAEDRA SPRADLIN,
as Trustee of Alma Energy, LLC, et al.,

Appellee.

Civil No. 12-127-ART

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

The parties in these appeals have been locked in a long and litigious adversary proceeding in bankruptcy court. The defendants in that proceeding appeal the Bankruptcy Court's order denying them leave to file, after the deadline had passed, their cross designation of items and statement of additional issues to be raised on appeal. *See* No. 12-127, R. 12.[1] They also appeal the Bankruptcy Court's orders dismissing their cross-claims

[1] For brevity's sake, the Court will use a modified citation system to refer to records from the adversary proceeding in the Bankruptcy Court and the two appeals in this Court. Records from the adversary proceeding, *Alma Energy, LLC v. Halle*, No. 7:09-ap-7005-jl (Bankr. E.D. Ky. May 4, 2009), will be cited as "*Adversary Proceeding*, R. __." Records from the appeal in *Pikeville Energy Group, LLC v. Spradlin*, No. 7:12-cv-113-ART (E.D. Ky. Oct. 3, 2012), will be cited as "No. 12-113, R. __." Records from the appeal in *Richard v. Spradlin*, No. 7:12-cv-127-ART (E.D. Ky. Oct. 31, 2012), will be cited as "No. 12-127, R. __."

against the plaintiffs and other parties no longer involved in this case. *See* No. 12-113, R. 1 at 1. The Bankruptcy Court abused its discretion in denying the defendants leave to file their materials late, and lacked subject-matter jurisdiction to rule on any of the defendants' cross-claims. Thus, the Court reverses all three of the Bankruptcy Court's orders.

**BACKGROUND**

This Memorandum Opinion and Order resolves the second and third appeals from the parties' adversary proceeding in bankruptcy court. The adversary proceeding is described in greater detail in the Court's two prior opinions addressing the parties' appeals. *See Spradlin v. Pikeville Energy Grp., LLC*, No. 12-cv-111-ART, 2012 WL 6706188, at *1–4 (E.D. Ky. Dec. 26, 2012), R. 15 at 2–8; No. 12-127, R. 27 at 1–3. The second appeal addresses the Bankruptcy Court's decision to deny the defendants leave to file, after the deadline, their cross designation of items and their statement of additional issues to be raised on appeal. *See* No. 12-127, R. 1 at 1 ¶ 2.[2] The third appeal addresses the Bankruptcy Court's decision to dismiss the defendants' first amended cross-claims against the plaintiffs as well as the defendants' cross-claims against parties no longer involved in this case. *See* No. 12-113, R. 1 at 1 ¶¶ 1–4.

**DISCUSSION**

**I. The Bankruptcy Court's Order Denying an Extension of Time in Pikeville Civil Action No. 7:12-cv-127**

The defendants filed a notice of cross appeal on September 8, 2012, indicating that they planned to challenge several of the Bankruptcy Court's decisions by appealing to the

[2] The Court already resolved the defendants' appeal of the Bankruptcy Court's sanctions order. *See* No. 12-127, R. 27.

district court. *See Adversary Proceeding*, R. 647. Under Bankruptcy Rule 8006, they had until September 24, 2012, to file their cross designation of items to be included in the record on appeal and their statement of additional issues to be raised. The defendants missed that deadline. *See* No. 12-127, R. 1-4 at 1. Two days later, they filed a motion seeking leave to file their cross designation and statement of the issues. *See Adversary Proceeding*, R. 651. They explained that their designated appellate counsel's father had died on September 7, 2012, and his struggles in the wake of his father's death caused him to miss the deadline. *See Adversary Proceeding*, R. 654 at 2. The Bankruptcy Court determined that this was not the kind of "excusable neglect" that merits an extension of time under Bankruptcy Rule 9006(b)(1), and denied their motion. No. 12-127, R. 1-4.

The issue on appeal is whether the Bankruptcy Court abused its discretion by denying the motion. The Bankruptcy Court clearly erred in finding bad faith under the equitable factors and, in turn, abused its discretion in balancing the equitable factors at play. Thus, the Court will reverse the Bankruptcy Court's order.

### A. Rule 9006(b)(1) and the Standard of Review

The Bankruptcy Court denied the defendants' motion pursuant to Rule 9006(b)(1)'s excusable-neglect standard. No. 12-127, R. 1-4 at 2. Rule 9006(b)(1) requires courts to make factual findings and then consider those facts under five equitable factors.[3] *See*

[3] Other circuits collapse the third and fourth factors into one and treat *Pioneer* as a four-factor test. *See, e.g.*, *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003). And the Sixth Circuit has at times numbered the factors differently. *Compare In Re Eagle-Picher Indus.*, 131 F.3d at 1188 (listing "the length of the delay and its potential impact on the proceedings" as 2, "the reason for the delay" as 3, and "whether the delay was within the reasonable control of the late party" as 4), *with Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001) (listing "the length of delay" as 2, "its potential impact on judicial proceedings" as 3, and "the reason for the delay" as 4). These are differences of form, not substance. For continuity's sake, the Court adopts the numbering that the Bankruptcy Court used. The Court will collectively refer to the reason and reasonable control factors as the "excuse" factors.

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (articulating the five factors). Courts must weigh: (1) the risk of prejudice to the nonmoving party; (2) the delay's length and potential impact on the judicial proceedings; (3) the moving party's reason for the delay; (4) whether the delay was within the moving party's reasonable control; and (5) whether the moving party acted in good faith. *Id.*; *see also Norpak Corp. v. Eagle-Picher Indus., Inc.* (*In re Eagle Picher Indus., Inc.*), 131 F.3d 1185, 1188 (6th Cir. 1997) (identifying the same five factors).

This Court reviews the Bankruptcy Court's factual findings for clear error and its equitable determinations for an abuse of discretion. *See Pioneer*, 507 U.S. at 398 (reviewing decision under Fed. R. Bankr. P. 9006(b)(1) for an abuse of discretion); *In re Eagle-Picher Indus., Inc.*, 285 F.3d 522, 527 (6th Cir. 2002).

**B. The Bankruptcy Court's Findings and Determinations**

Here, the Bankruptcy Court held that the first two factors favored the defendants, but the last three tipped the balance against granting an extension. The Bankruptcy Court found that the defendants were only two days late and determined that such a small delay would not prejudice the plaintiffs (factor one). No. 12-127, R. 1-4 at 3. Similarly, it concluded that two days would not significantly delay or impact the judicial proceedings (factor two). *Id.* But the Bankruptcy Court examined the reason for the delay (factor three) and the defendants' control over it (factor four), and concluded that the defendants could have easily avoided an untimely filing. While the Bankruptcy Court noted that the death of appellate counsel's father was a sad occasion, it found that he had been able to file notice of the cross-appeal the day after his father's death. *Id.* If he had been able to make that filing in the immediate aftermath of his father's death, the Bankruptcy Court reasoned, then surely he could have

filed the cross designation and the statement of issues within the next sixteen days. *Id.* The Bankruptcy Court also pointed out that appellate counsel could have easily asked co-counsel to make the filings. *Id.* From these facts, it determined that the defendants' delay had been within their control and that their reason did not mitigate their culpability. *Id.* Finally, the Bankruptcy Court found that the defendants had shown bad faith throughout the proceedings, and concluded that their prior bad faith justified finding that the good-faith factor (factor five) did not favor the defendants. *Id.* Thus, the Bankruptcy Court denied the defendants' motion for an extension of time. The defendants object to the Bankruptcy Court's finding that there was no good faith, No. 12-127, R. 12 at 20–22, and its determination that there was no excusable neglect under the *Pioneer* factors, *id.* at 20–22.

***Factual Finding of Bad Faith:*** The Bankruptcy Court clearly erred in finding that the defendants acted in bad faith here. No. 12-127, R. 1-4 at 3. The Bankruptcy Court addressed the good-faith factor in a single sentence:

> As to Defendants' good faith, they have consistently been before the Court for sanctions and derailed the court-ordered mediation, the details of which are described in the Court's Order Granting Motion for Sanctions.

No. 12-127, R. 1-4 at 3. Merely referencing past behavior, without more, does not speak to whether the defendants acted in bad faith in making the late filing at issue. The Bankruptcy Court, in essence, relied on irrelevant facts to make its finding. That was error.

The excusable neglect standard is meant to assess the act or omission that led to the party's late filing; using prior, unrelated acts to make a finding under the standard contravenes its basic purpose. The *Pioneer* Court made it clear that the five factors it articulated were meant to help "tak[e] account of all the relevant circumstances *surrounding*

*the party's omission*." *Pioneer*, 507 U.S. at 395 (emphasis added); *see also id.* at 382 ("Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline 'was the result of excusable neglect.'"). And the Sixth Circuit has consistently focused on the act or omission that created the delay when assessing the good-faith factor. *See, e.g.*, *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430 (6th Cir. 2006) (focusing on the party's "late filing of the answer"); *In re Eagle Picher Industries, Inc.*, 131 F.3d at 1188 (asking "whether the late party acted in good faith" (citing *Pioneer*, 507 U.S. at 381)). Thus, the Bankruptcy Court should have made a finding as to whether the defendants' failure to file their materials on time was a good faith mistake. Instead, the Court simply cited an earlier opinion listing prior instances in which it sanctioned the defendants, doing so without linking those acts to the present late filing. *See* No. 12-127, at R. 1-4 at 3. That finding was clearly erroneous.

While the Sixth Circuit has yet to precisely define how to review bad-faith findings under the *Pioneer* factors, its precedent has always required some factual evidence that the specific act at issue was taken in bad faith. In some contexts, the district court must make a specific finding of bad faith. *See, e.g.*, (reversing a dismissal under Fed. R. Civ. P. 41(b) because, in part, "the district court did not make a specific finding of either bad faith [] or prejudice"). In others, some evidence in the record supporting the district court's conclusion suffices. *See, e.g.*, *Metz v. Unizan Bank*, 655 F.3d 485, 490 (6th Cir. 2011) (holding that "an express finding of [] bad faith" is not necessary to affirm a district court's sanctions pursuant to its inherent authority, so long as "the record sets forth sufficient evidence to support [the district court's] decision" (internal quotation marks omitted)). But there must always be *some* factual basis for the reviewing court to find that the *specific act* at issue was taken in

bad faith. Here, there was none. The Bankruptcy Court's did not identify any, and neither do the plaintiffs.

The plaintiffs argue that the Sixth Circuit's decision in *Kloian* justifies the Bankruptcy Court's bad-faith finding. *See* No. 12-127, R. 19 at 36 (citing *Kloian v. Simon* (*In re Kloian*), 137 F. App'x 780, 783 (6th Cir. 2005)). In *Kloian*, the district court found that the party's failure to file a statement of issues was itself an act of "persistent neglect [] or indifference toward the procedural rules." 137 F. App'x at 783 (quoting the district court's opinion). The district court supported the finding that the failure to file was in bad faith by citing the party's past behavior as circumstantial evidence. *See id.* Here, the Bankruptcy Court did not explicitly find that the defendants' failure to meet the filing deadline was itself an act of bad faith. *See* No 12-127, R. 1-4 at 3. The Bankruptcy Court simply noted that the defendants had been sanctioned in the past and used that fact to find that no good faith favoring the defendants' late filing. *See id.* In essence, it continued hold past misbehavior against them. Neither *Kloian* or *Pioneer* support such an approach to bad-faith findings.

Therefore, the Bankruptcy Court's finding that the defendants did not act in good faith was clear error.

***Equitable Determinations:*** The Bankruptcy Court's error in finding bad faith does not end the inquiry. *See Bazzi v. City of Dearborn*, 658 F.3d 598, 606 (6th Cir. 2011) (holding that abuse of discretion standard allows the reviewing court to affirm a decision based on "any ground supported by the record" even if it is not in the prior decision (quotation omitted)). The ultimate question is whether the Bankruptcy Court erred in determining there was no "excusable neglect" under the *Pioneer* factors. *See* R. 1-4 at 2–3.

That determination was "a clear error of judgment." *In re Wingerter*, 594 F.3d 931, 936 (6th Cir. 2010) (quotation omitted). The only factors that support the Bankruptcy Court's decision, the reason for the delay and the defendant's reasonable control over the delay, weigh only slightly against the defendants. Given that the other three *Pioneer* factors clearly favor allowing a late filing, the Bankruptcy Court abused its discretion by denying the defendants leave to file their materials late.

The Sixth Circuit has held that, when balancing the *Pioneer* factors, the "excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (quotation omitted).[4] Thus, in the average case the "excuse" factors—the reason for the delay and the party's control over the delay—will be of primary importance. *Id.*; *see also Jackson v. Chandler*, 463 F. App'x 511, 514 (6th Cir. 2012) (citing *Munoz* and holding that "the district court did not abuse its discretion by focusing on the proffered reason for the delay"). The Sixth Circuit has cautioned, however, that while the "excuse" factors will decide the average case, the three other factors will carry greater weight "in a closer case." *Munoz*, 605 F.3d at 372. This was clearly such a case.

Here, the first two factors clearly favor the defendants. Given that the defendants filed their materials just two days after the deadline, there was no risk of prejudice to the plaintiffs. *See Curry v. Eaton Corp.*, 400 F. App'x 51, 56–57 (6th Cir. 2010) (finding no prejudice where notice of appeal was filed five days late). Similarly, the length of the delay

[4] Of course, the Sixth Circuit's holding must be read in light of *Pioneer*'s admonishment that "any evidence of prejudice to [the non-moving party] or to judicial administration in this case, or any indication at all of bad faith" will prevent a reviewing court from saying that "the Bankruptcy Court abused its discretion in declining to find the neglect to be 'excusable.'" *Pioneer*, 507 U.S. at 398.

was minimal and there was no potential negative impact on the proceedings. *See id.* The Bankruptcy Court acknowledged this. *See* No. 12-127, R. 1-4 at 3.

The good-faith factor also strongly supports the defendants. As the Court explained above, there is no evidence in the record that the defendants' late filing was an act of bad faith. That fact alone puts the good-faith factor in the defendants' column. *See, e.g.*, *Williams v. Hollingsworth Grp., Inc.*, 238 F.3d 426, *1 (6th Cir. 2000) (unpublished table decision) (treating absence of evidence of bad faith as sufficient under the *Pioneer* test (citation omitted)). Furthermore, the defendants moved to correct their omission as soon as they discovered it. *See* No. 12-127, R. 1-4 at 1; *see also Curry*, 400 F. App'x at 57 (emphasizing that the omission was "corrected as soon as the appellant's counsel discovered the error"); *Morgan*, 165 F. App'x at 430 (same). And the plaintiffs do not contend that the defendants intentionally missed the deadline. *See In re M.J. Waterman & Assocs.*, 227 F.3d 604, 612 (2000) (emphasizing counsel's lack of intent in finding that "counsel acted in complete good faith"). Thus, the good-faith factor clearly weighed in the defendants' favor as well.

That leaves the "excuse" factors. While the Bankruptcy Court did not err in finding that the "excuse" factors weighed against the defendants, those factors did not decisively count against them. The Bankruptcy Court's reasoning was straightforward. The defendants' appellate counsel lost his father on September 7, 2012, but managed to file the defendants' notice of cross appeal the next day. *See Adversary Proceeding*, R. 654; No. 12-127, R. 1-4 at 3. There were then sixteen more days in which: (1) co-counsel could have stepped in and made the filing; (2) appellate counsel could have prepared the filings himself; or (3) appellate counsel could have called on co-counsel for assistance. *See id*. Defendants'

counsel therefore could have made a timely filing if they had exercised reasonable diligence, and the reason for their delay as well as their control over that delay counted against them. *See id.*

To be sure, the defendants were not faultless in missing the deadline. Their own brief acknowledges that appellate counsel neglected his duties in the wake of his father's death. *See* No. 12-127, R. 12 at 22. But excusable neglect, as its name implies, does not require that the late-filing party be free of all blame. The *Pioneer* Court specifically cautioned that excusable neglect "is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." 507 U.S. at 392 (internal quotation marks omitted). Indeed, in *Pioneer* the Supreme Court excused counsel's failure to meet a bar date for filing late proofs of claim—an inadvertent act—because the bar date was not prominently announced. *Id.* at 398–99. This is not a case where counsel missed the deadline due to simple "inadvertence, ignorance of the rules, or mistakes construing the rules." *Id.* at 391. Appellate counsel allowed the death of his father to distract him from his duties to his clients. *See* No. 12-127, R. 1-4 at 2–3.[5] That failing does not provide a sufficient justification to tip the "excuse" factors in his favor. But it does make his failure to meet the deadline more understandable. In other words, the fact that the defendants have an explanation, as opposed to no explanation whatsoever, matters. *Pioneer* made it clear that its factors were not to be mechanically applied; they are simply a means to "tak[e] account of all

[5] The plaintiffs argue that the Court should not accept any "fact" in the defendants' brief that is not accompanied by a citation to the record. *See* No. 12-127, R. 19 at 19–20. The Court does not. Rather, it accepts the Bankruptcy Court's determination that, while the death of appellate counsel's father may have been a distraction, that distraction was not so great as to tip the "excuse" factors in the defendants' favor. *See id.*, R. 1-4 at 2–3. The Court simply concludes that the Bankruptcy Court's findings do not put as much behind the "excuse" factors as in a run-of-the-mill case.

relevant circumstances surrounding the party's omission." 507 U.S. at 395. A proper consideration of the equities here must therefore account for the fact that counsel's reason for the delay was understandable, though not fully adequate under the "excuse" factors.

Weighing the *Pioneer* factors together makes it clear that the Bankruptcy Court should have found excusable neglect here. Three factors clearly favor the defendants: the lack of prejudice to the plaintiffs; the extremely short period of delay and negligible impact on the judicial proceedings; and the defendants' good faith. The two remaining "excuse" factors weigh against them only slightly and therefore cannot be given decisive weight. *See Munoz*, 605 F.3d at 372–73 (acknowledging that the "excuse" factors will not weigh as heavily in a "closer case" where the "excuse" factors favor one result, and the remaining *Pioneer* factors are "clearly in favor" of the opposite result). Given that the defendants' culpability was somewhat diminished, and the other factors heavily favor them, the Bankruptcy Court abused its discretion by failing to find excusable neglect. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding an abuse of discretion under Fed. R. Civ. P. 60(b)'s excusable neglect standard where the reason for delay was "weak" but the other factors clearly favored the late-filing party); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) (same).[6]

Finally, the Court did not consider the defendants' argument that the Court should not punish the clients for their counsel's shortcoming. *See* No. 12-127, R. 12 at 22. It is

[6] The plaintiffs urge an affirmance of the Bankruptcy Court based on the fact *Pioneer* gave "little weight to the fact counsel was experiencing upheaval in his law practice." No. 12-127, R. 19 at 35 (quoting *Pioneer*, 507 U.S. at 398). This statement does not counsel the result that the plaintiffs claim. Quite the contrary, it supports the Court's determination that the "excuse" factors should not be given their normal weight here. The fact that an attorney's personal struggles received some "weight" in *Pioneer* demonstrates that they matter—albeit not that much. The Court gives appellate counsel's personal struggles "little weight" as well, considering it only as mitigation under a factor weighing against the defendants, rather than tipping the factor affirmatively in their favor.

commendable that counsel would emphasize their blame in an effort to spare their client. However, this Court is bound by *Pioneer*, which firmly declared that "clients must be held accountable for the acts and omissions of their attorneys." 507 U.S. at 396 (citation omitted); *see also United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002) (collecting cases for the same proposition).

**II. Pikeville Energy Group's Appeal in Pikeville Civil Action No. 7:12-cv-113**

All that remains is the cross-appeal for which the defendants sought leave to file their materials. *See* No. 12-113, R. 1. During the telephone conference, both parties agreed that the cross-appeal is a foregone conclusion based on the Court's judgment in favor of the defendants in Pikeville Civil Action No. 7:12-cv-127.[7] They also agreed that briefing would not be necessary. A quick review of the facts in Pikeville Civil Action No. 7:12-cv-113 confirms that.

The defendants' cross-appeal challenges two decisions by the Bankruptcy Court. The first dismissed the amended cross-claims that the defendants filed against the plaintiffs in response to the plaintiffs' first amended complaint. *See Adversary Proceeding*, R. 208 (granting plaintiffs' motion to dismiss defendants' cross-claims); *id.*, R. 305 (denying defendants' motion to reconsider R. 208). The second dismissed the defendants' cross-claims against parties that are no longer involved in this case. *See id.*, R. 209 (dismissing

[7] The plaintiffs have filed a motion to dismiss the cross-appeal because there was no designation of the record or statement of issues to be presented on appeal. *See* No. 12-113, R. 2. Since the Court reverses the Bankruptcy Court's decision to deny the defendants' motion for leave to file their cross designation of items to be included in the record on appeal and their statement of additional issues to be raised, *see* No. 12-127, R. 1-4, there is now a designation of items and statement of issues, undermining the basis for the motion to dismiss. And even if the Court had weighed the *Pioneer* factors in the plaintiffs' favor in Pikeville Civil Action No. 12-cv-127, the Court would still deny the motion to dismiss the appeal on account of the defendants' lack of bad faith in their late filing. *See In re Winner Corp. (Third National Bank v. Winner Corp.),* 632 F.2d 658, 661 (6th Cir. 1980).

cross-claims against Consol Capital, LLC and Tony Gannacone, III); *id.*, R. 306 (denying defendants' motion to reconsider R. 209).

The Bankruptcy Court lacked subject-matter jurisdiction to dismiss the defendants' cross-claims. Federal courts must have subject-matter jurisdiction to pass judgment on the merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 94–95 (1998). The Bankruptcy Court lacked subject-matter jurisdiction after the plaintiffs filed the first amended complaint. *See Spradlin*, 2012 WL 6706188 at *5–9.[8] Yet the Bankruptcy Court judged the merits of the defendants' cross-claims by finding that they failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Adversarial Proceeding*, R. 208. Passing judgment on those claims, without the power to do so, was error. *See Citizens for a Better Env't*, 523 U.S. at 94. Similarly, ruling on the defendants' cross-claims against the now-absent parties, when the case should have been dismissed for want of jurisdiction, was error. *See id.* (explaining that a federal court must dismiss a case as soon as its subject-matter jurisdiction no longer exists (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## CONCLUSION

For the reasons stated on the record and provided in this Minute Entry Order, it is **ORDERED** as follows:

(1) The Bankruptcy Court's Order Overruling Motion to Extend Time, *Spradlin v. Pikeville Energy Group, LLC* (*In re Alma Energy, LLC*), No. 7:09-ap-07005-jl (Bankr. E.D. Ky. Oct. 2, 2012), R. 657, is **REVERSED**.

[8] While the Court's opinion focuses on the second amended complaint, the first amended complaint had the same basic dynamic: the estate had no stake in the amended complaint that would create subject-matter jurisdiction. *See Adversary Proceeding*, R. 610 at 18 (explaining that the plaintiffs replaced the estate in the first amended complaint and remained in the estate's place in the second amended complaint).

(2) The Plaintiffs' Motion to Dismiss, *Pikeville Energy Group, LLC v. Spradlin*, No. 7:12-cv-113 (E.D. Ky. Oct. 4, 2012), R. 2, is **DENIED**.

(3) The Bankruptcy Court's Order Granting Motion to Dismiss First Amended Cross-Claims, *Spradlin v. Pikeville Energy Group, LLC* (*In re Alma Energy, LLC*), No. 7:09-ap-07005-jl (Bankr. E.D. Ky. Aug. 9, 2010), R. 208, is **REVERSED**.

(4) The Bankruptcy Court's Order Granting Motion to Dismiss and Strike Cross-Claim, *Spradlin v. Pikeville Energy Group, LLC* (*In re Alma Energy, LLC*), No. 7:09-ap-07005-jl (Bankr. E.D. Ky. Aug. 9, 2010), R. 209, is **REVERSED**.

(5) A separate judgment will issue in both cases.

This the 19th day of April, 2013.

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Amul R. Thapar*** AT
**United States District Judge**